# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ADELMAN; GLEN HORAY; STEVE MONILLAS; and RICHARD HAMMER, <br><br> Plaintiffs, <br><br> v. <br><br> BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., BOEHRINGER INGELHEIM CORPORATION, BOEHRINGER INGELHEIM USA CORPORATION, BOEHRINGER INGELHEIM INTERNATIONAL GMBH, BOEHRINGER INGELHEIM PROMECO, S.A. DE C.V., GLAXOSMITHKLINE LLC, GLAXOSMITHKLINE HOLDINGS (AMERICAS) INC., GLAXOSMITHKLINE PLC, PFIZER, INC., SANOFI-AVENTIS U.S. LLC, SANOFI US SERVICES, INC., CHATTEM, INC., PATHEON MANUFACTURING SERVICES LLC, AMNEAL PHARMACEUTICALS LLC, AMNEAL PHARMACEUTICALS OF NEW YORK, LLC, AURO HEALTH LLC, DR. REDDY'S LABORATORIES, INC., DR. REDDY'S LABORATORIES, LTD., DR. REDDY'S LABORATORIES, LTD., DR. REDDY'S LABORATORIES LOUISIANA, LLC, DR. REDDY'S LABORATORIES SA, APOTEX CORPORATION, APOTEX, INC., AURO HEALTH LLC, GLENMARK PHARMACEUTICALS, INC., USA, GLENMARK PHARMACEUTICALS LTD., GOLDEN STATE MEDICAL SUPPLY, INC., SANDOZ INC., WALGREEN CO., RITE AID CORPORATION, DUANE READE, INC., WALGREENS BOOTS ALLIANCE, INC., CVS PHARMACY, INC., TEVA PHARMACEUTICALS U.S.A., INC., SUN PHARMACEUTICAL INDUSTRIES, INC., SUN PHARMACEUTICAL INDUSTRIES LTD., PAR PHARMACEUTICAL INC., WOCKHARDT USA LLC, WOCKHARDT USA, INC., WOCKHARDT LTD., ACTAVIS MID ATLANTIC LLC, RANBAXY INC., and WATSON LABORATORIES, INC. <br><br> Defendants. | CASE NO. _____ <br><br> **NOTICE OF REMOVAL** <br><br> **DEMAND FOR JURY TRIAL** |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Apotex, Corp. ("Removing Defendant") hereby gives notice of removal of this action, *Adelman, et al. v. Boehringer Ingelheim Pharmaceuticals, Inc., et al*, No. 202208304, from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania. As grounds for removal, Removing Defendants state as follows:

**PRELIMINARY STATEMENT**

1. This action is one of over two thousand related lawsuits filed against manufacturers, distributors, and sellers of Zantac (ranitidine) and its generic equivalents relating to cancers allegedly caused by the medication. On February 6, 2020, the Judicial Panel on Multidistrict Litigation ("JPML") created an MDL in the Southern District of Florida for pretrial coordination of cases like this one—*i.e.*, cases "in which plaintiffs allege that they developed cancer as a result of N-Nitrosodimethylamine ("NDMA") formed from Zantac." *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 437 F. Supp. 3d 1368, 1369 (J.P.M.L. 2020). The JPML found that centralizing these cases for pretrial purposes "will eliminate duplicative discovery; prevent inconsistent rulings . . . and conserve the resources of the parties, their counsel, and the judiciary." *Id.* To date, over 1,700 actions have been transferred to or filed in the Zantac MDL.

2. On August 2, 2022, Plaintiffs David Adelman, Glen Horay, Steve Monillas, and Richard Hammer filed this Multi-Plaintiff Complaint in the Court of Common Pleas of Philadelphia County against the Defendants, who had allegedly manufactured or sold Zantac or generic ranitidine products over various time periods. The thrust of the Complaint—like countless others in the MDL—is that Plaintiffs each ingested Zantac and/or generic ranitidine and, as a result, each developed cancer. Compl. ¶¶ 107-35.

3. Except, rather than filing individual complaints as required by the Pennsylvania Rules of Civil Procedure, Plaintiffs improperly joined their claims in one complaint to avoid additional filing fees and to frustrate defendants' ability to remove diverse individual actions.

4. Pennsylvania Rule of Civil Procedure 2229 allows joinder of claims only when they "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Here, each Plaintiff's alleged purchase and use of ranitidine and their subsequent alleged development of cancer are separate transactions and occurrences, as shown by their individual allegations claiming they each purchased ranitidine made and sold by different defendants at different locations, used ranitidine at and over different time frames, and were diagnosed with cancer at different times. Compl. ¶¶ 107-35. Plaintiff do not even all sue the same Defendants. *Id.* ¶¶ 114, 121, 128, 135.

5. If Plaintiffs had not improperly joined their claims, Plaintiff Steve Monillas' action would be removable on its face based on diversity jurisdiction because none of the defendants named by Plaintiff Monillas are Pennsylvania citizens. Thus, complete diversity exists between him and the entities he brings claims against. *Id.* ¶ 135.

6. Plaintiff Monillas seeks to avoid removal—and transfer to the Zantac MDL—because the MDL court previously dismissed with prejudice all claims against the same generic defendants sued in Pennsylvania state court. *See In re Zantac (Ranitidine) Prod. Liab. Litig.*, 510 F. Supp. 3d 1141, 1175 (S.D. Fla. 2020) ("*Zantac I*"); *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 20-MD-2924, 2021 WL 2865869, at *20 (S.D. Fla. July 8, 2021) (emphasis added) ("*Zantac II*").

7. As further explained below, Plaintiff Monillas has fraudulently misjoined his claims with Plaintiffs Adelman, Horay, and Hammer specifically to defeat diversity jurisdiction

and frustrate removal of his case to federal court. Therefore, pursuant to Rule 21 of the Federal Rules of Civil Procedure, this Court can retain jurisdiction of this diverse matter by severing the improperly joined claims filed by Plaintiffs Adelman, Horay, and Hammer, thereby preserving the diversity that should have existed but for Plaintiffs' gamesmanship.

## VENUE AND JURISDICTION

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 118(a), 1391, 1441(a), and 1446(a), because the Court of Common Pleas of Philadelphia, Pennsylvania, where the Complaint was filed, is a state court within the Eastern District of Pennsylvania.

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a), because (1) there is complete diversity between Plaintiff Monillas and the properly joined Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interests and costs; and (3) all other requirements for removal have been satisfied.

## BASIS FOR REMOVAL

### I. THERE IS COMPLETE DIVERSITY BETWEEN PLAINTIFF MONILLAS AND ALL PROPERLY JOINED DEFENDANTS

10. There is complete diversity of citizenship here because Plaintiff Monillas is a Pennsylvania citizen, and all properly joined Defendants—those Defendants against whom Plaintiff Monillas asserts claims—are citizens of states other than Pennsylvania.

11. Plaintiff Monillas alleges that he "resides in Levittown, Pennsylvania and is a citizen of Pennsylvania." Compl. ¶ 122. Plaintiff is, therefore, a citizen of Pennsylvania.

12. Plaintiff Monillas alleges that he asserts claims only against Defendants GSK, BI, Pfizer, Apotex, Sandoz, Teva, Sun Pharmaceuticals, Par Pharmaceutical, Wockhardt, Dr. Reddy's, Amneal, Glenmark, and Walgreens. Compl. ¶ 128.

13. For purposes of diversity jurisdiction, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A limited liability company is a citizen of every state in which its members are citizens. *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010).

14. Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is a corporation organized under the laws of Delaware with its principal place of business in Ridgefield, Connecticut. Compl. ¶ 16. Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is, therefore, a citizen of Delaware and Connecticut. *Id.*

15. Defendant Boehringer Ingelheim Corporation is a corporation organized under the laws of Nevada with its principal place of business in Ridgefield, Connecticut. *Id.* ¶ 17. Defendant Boehringer Ingelheim Corporation is, therefore, a citizen of Nevada and Connecticut. *Id.*

16. Defendant Boehringer Ingelheim USA Corporation is a corporation organized under the laws of Delaware with its principal place of business in Ridgefield, Connecticut. *Id.* ¶ 18. Defendant Boehringer Ingelheim USA Corporation is, therefore, a citizen of Delaware and Connecticut. *Id.*

17. Defendant Boehringer Ingelheim GmbH is a limited liability company formed and existing under the laws of Germany, having a principal place of business at Binger Strasse 173, 55216 Ingelheim AM Rhein, Rheinland-Phalz, Germany. *Id.* ¶ 19. It is, therefore, a citizen of Germany. *Id.*

18. Defendant Boehringer Ingelheim Promeco, S.A. de C.V. is a freign corporation organized and existing under the laws of Mexico with its principal place of business located at

Maiz No. 49, Barrio Xaltocan, Xochimilco, Ciudad de Mexico, 16090 Mexico. *Id.* ¶ 20. It is, therefore, a citizen of Mexico. *Id.*

19. Defendant GlaxoSmithKline, LLC is a limited liability company. *Id.* ¶ 22. Its sole member is GlaxoSmithKline Holdings (Americas) Inc., a corporation organized under the laws of Delaware with its principal place of business in Wilmington, Delaware. Defendant GlaxoSmithKline, LLC is, therefore, a citizen of Delaware. *Id.*

20. Defendant GlaxoSmithKline Holdings (Americas) Inc. is a corporation organized under the laws of Delaware with its principal place of business in Wilmington, Delaware. *Id.* ¶ 23. Defendant GlaxoSmithKline Holdings (Americas) Inc. is, therefore, a citizen of Delaware. *Id.*

21. Defendant GlaxoSmithKline plc is a public limited company formed and existing under the laws of the United Kingdom, having a principal place of business at 980 Great West Road, Brentford Middlesex XO, TW8 9GS, United Kingdom. *Id.* ¶ 24. It is, therefore, a citizen of the United Kingdom. *Id.*

22. Defendant Pfizer Inc. is a corporation organized under the laws of Delaware with its principal place of business in New York, New York. *Id.* ¶ 26. Defendant Pfizer Inc. is, therefore, a citizen of Delaware and New York.

23. Defendant Amneal Pharmaceuticals LLC is a limited liability company. *Id.* ¶ 35. Its sole member is non-party Amneal Pharmaceuticals, Inc., a corporation organized under the laws of Delaware with its principal place of business in New Jersey. Defendant Amneal Pharmaceuticals LLC is, therefore, a citizen of Delaware and New Jersey.

24. Defendant Amneal Pharmaceuticals of New York, LLC is a limited liability company. *Id.* ¶ 37. Its sole member is non-party Amneal Pharmaceuticals, Inc., a corporation organized under the laws of Delaware with its principal place of business in New Jersey.

Defendant Amneal Pharmaceuticals of New York, LLC is, therefore, a citizen of Delaware and New Jersey.

25. Defendant Dr. Reddy's Laboratories, Inc. is a corporation organized under the laws of New Jersey, with its principal place of business in Princeton, New Jersey. *Id.* ¶ 41. Defendant Dr. Reddy's Laboratories, Inc. is, therefore, a citizen of New Jersey.

26. Defendant Dr. Reddy's Laboratories Ltd., is a corporation organized under the laws of India, with its principal place of business in India. *Id.* ¶ 44. It is, therefore, a citizen of India.

27. Defendant Dr. Reddy's Laboratories Louisiana LLC, is a limited liability company with officers who are New Jersey citizens and its principal place of business in Princeton, New Jersey. *Id.* ¶ 46. It is, therefore, a citizen of New Jersey.

28. Defendant Dr. Reddy's Laboratories, SA is a corporation organized under the laws of Switzerland, with its principal place of business in Switzerland. *Id.* ¶ 48. It is, therefore, a citizen of Switzerland.

29. Defendant Glenmark Pharmaceuticals, Inc., USA (f/k/a Glenmark Generics, Inc. USA) is a corporation organized under the laws of Delaware with its principal place of business in Mahwah, New Jersey. *Id.* ¶ 51. Defendant Glenmark Pharmaceuticals, Inc., USA is, therefore, a citizen of Delaware and New Jersey.

30. Defendant Glenmark Pharmaceuticals, Ltd. (f/k/a Glenmark Generics, Ltd.) is a corporation organized under the laws of under the laws of India with its principal place of business located at Glenmark House, B.D. Sawant Marg., Chakala, Western Express Highway, Andheri (E), Mumbai 400 099, India. *Id.* ¶ 54. It is, therefore, a citizen of India.

31. Defendant Sandoz Inc. is a corporation organized under the laws of Colorado with its principal place of business in Princeton, New Jersey. *Id.* ¶ 58. Defendant Sandoz Inc. is, therefore, a citizen of Colorado and New Jersey.

32. Defendant Apotex Corporation is a corporation organized under the laws of Delaware with its principal place of business in Weston, Florida. *Id.* ¶ 61. Defendant Apotex Corporation is, therefore, a citizen of Delaware and Florida.

33. Defendant Apotex, Inc. is a corporation organized under the laws of Canada with its principal place of business in Canada. *Id.* ¶ 63. Defendant Apotex, Inc. is, therefore, a citizen of Canada[1].

34. Defendant Actavis Mid Atlantic LLC is a limited liability company. *Id.* ¶ 66. Its membership interest is owned by Defendant Teva Pharmaceuticals U.S.A., Inc., a corporation organized under the laws of Delaware with its principal place of business in New Jersey (incorrectly alleged in the Complaint as Pennsylvania). *See Holley v. Teva Pharm. USA, Inc.*, No. 20-1613, 2020 WL 4470617, at *6 (E.D. Pa. Aug. 4, 2020) (holding that "the headquarters of [Teva Pharmaceuticals USA, Inc.] has been in Parsippany, New Jersey since January 1, 2020 . . . Accordingly, Teva is not a citizen of Pennsylvania."). Defendant Actavis Mid Atlantic LLC is therefore a citizen of Delaware and New Jersey.

35. Teva Pharmaceuticals U.S.A., Inc. is a Delaware corporation. *Id.* ¶ 68. Its principal place of business is in New Jersey (incorrectly alleged in the Complaint as Pennsylvania). *See Holley v. Teva Pharm. USA, Inc.*, No. 20-1613, 2020 WL 4470617, at *6 (E.D. Pa. Aug. 4,

---

[1] Apotex Inc. has not been served, has not joined this Notice of Removal and contends that neither a court of the Commonwealth of Pennsylvania nor this Court can exercise personal jurisdiction over it.

2020) (holding that "the headquarters of [Teva Pharmaceuticals USA, Inc.] has been in Parsippany, New Jersey since January 1, 2020 . . . Accordingly, Teva is not a citizen of Pennsylvania."). Defendant Teva Pharmaceuticals U.S.A., Inc. is therefore a citizen of Delaware and New Jersey.

36. Defendant Watson Laboratories, Inc. is a corporation organized under the laws of Nevada with a principal place of business in New Jersey. *Id.* ¶ 70. Defendant Watson Laboratories, Inc. is, therefore, a citizen of Nevada and New Jersey.

37. Defendant Ranbaxy Inc. is a corporation organized under the laws of Texas with a principal place of business in New Jersey. *Id.* ¶ 73. Defendant Ranbaxy Inc. is, therefore, a citizen of Texas and New Jersey.

38. Defendant Sun Pharmaceutical Industries, Inc. is a corporation organized under the laws of Delaware with a principal place of business in New Jersey. *Id.* ¶ 75. Defendant Sun Pharmaceutical Industries, Inc. is, therefore, a citizen of Delaware and New Jersey.

39. Defendant Sun Pharmaceutical Industries, Ltd. is a corporation organized under the laws of India with a principal place of business in India. *Id.* ¶ 77. Defendant Sun Pharmaceutical Industries, Ltd. is, therefore, a citizen of India.

40. Defendant Par Pharmaceutical Inc. is a corporation organized under the laws of New York with its principal place of business in Chestnut Ridge, New York. *Id.* ¶ 80. Defendant Par Pharmaceutical Inc. is, therefore, a citizen of New York.

41. Defendant Wockhardt USA LLC is a limited liability company with its principal place of business in Parsippany, New Jersey. *Id.* ¶ 82. Defendant Wockhardt USA LLC is, therefore, a citizen of Delaware and New Jersey.

42. Defendant Wockhardt USA, Inc. is a Delaware corporation with its principal place of business in Bedminster, New Jersey. *Id.* ¶ 84. Defendant Wockhardt USA, Inc. is therefore, a citizen of Delaware and New Jersey.

43. Defendant Wockhardt Ltd. is a corporation organized under the laws of India with its principal place of business in India. *Id.* ¶ 86. Defendant Wockhardt Ltd. is therefore, a citizen of India.

44. Defendant Walgreen Co. is a Delaware corporation with its principal place of business located in Deerfield, Illinois. *Id.* ¶ 97. Walgreen Co. is, therefore, a citizen of Delaware and Illinois.

45. Defendant Walgreens Boots Alliance, Inc. is a Delaware corporation with its principal place of business located in Deerfield, Illinois. *Id.* ¶ 99. Walgreens Boots Alliance, Inc. is, therefore, a citizen of Delaware and Illinois.

46. Because Plaintiff Monillas is a citizen of Pennsylvania and the Defendants he brings claims against are citizens of states other than Pennsylvania, complete diversity exists. *See* 28 U.S.C. §§ 1332, 1441.

## II. PLAINTIFF MONILLAS FRAUDULENTLY MISJOINED PLAINTIFFS ADELMAN'S, HORAY'S, AND HAMMER'S CLAIMS

47. Knowing that diversity existed between him and the entities against whom he brings claims, Plaintiff Monillas fraudulently misjoined his claims with the entirely separate claims of Plaintiffs Adelman, Horay, and Hammer and the separate defendants they sue to improperly destroy diversity and frustrate removal.

48. The citizenship of the Plaintiffs Adelman, Horay, and Hammer and the defendants they sue who are not sued by Plaintiff Monillas—Pfizer, CVS, Sanofi, and Rite-Aid—should therefore be disregarded when assessing the diversity of citizenship of the parties for removal.

49. Fraudulent misjoinder is a basis for removal focused on the procedural deficiencies of a party's joinder. *In re Fosamax (Alendronate Sodium) Prod. Liab. Litig. (No. II)*, No. CIV.A. 11-3045, 2012 WL 1118780, at *2 (D.N.J. Apr. 3, 2012), aff'd, 751 F.3d 150 (3d Cir. 2014).

50. A plaintiff cannot fraudulently join a party having no real connection with the controversy to defeat diversity jurisdiction in federal court. *See* C*haney v. Gate Pharm. (In re Diet Drugs Prods. Liab. Litig.)*, No. 98-20478, 1999 U.S. Dist. LEXIS 11414, at *11-12 (E.D. Pa. July 16, 1999); *Breitner v. Merck & Co.*, Civil Action No. 3:18-cv-15982 (PGS)(TJB), 2019 U.S. Dist. LEXIS 11457, at *8 (D.N.J. Jan. 24, 2019)*; see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds*; *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)).

51. The fraudulent misjoinder doctrine is "particularly relevant to large pharmaceutical product liability actions" where "the plaintiffs 'attempt[ed] to join persons . . . into one civil action who have absolutely no connection to each other except that they each ingested the defendants' drugs.'" *In re Fosamax*, 2012 WL 1118780, at *2 (citing *In re Diet Drugs*, 1999 U.S. Dist. LEXIS 11414).

52. The fraudulent misjoinder analysis requires two steps: (1) a court must find that claims have been misjoined; and (2) if claims have been improperly joined, the court must determine whether the joinder was egregious. *Id.* at *3.

53. Here, Plaintiffs misjoined their claims.[2] In Pennsylvania, joinder is permissible only when the claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Pa. R. Civ. Pro. 2229(a)-(b).

54. The individual Plaintiffs' claims here are entirely unrelated as they each allege they developed cancer after ingesting ranitidine at different times that they purchased at different stores after it was made by different manufacturers. Compl. ¶¶ 107-35.

55. Similar attempts to join unrelated drug products liability cases have been rejected because they "in no way promote[] judicial efficiency or convenience" due to "the complicated causation questions that pervade drug product liability claims" that require "divergent questions of law and fact." *In re Fosamax*, 2012 WL 1118780, at *4 (citing *In re Rezulin Prods. Liability Litig.*, 168 F.Supp.2d 136, 146 (S.D.N.Y. 2001)); *see also In re Diet Drugs Prods. Liab. Litig.*, 1999 U.S. Dist. LEXIS 11414, at *15-16 (non-diverse plaintiffs who did not allege similar circumstances pertaining to their use of pharmaceuticals were fraudulently misjoined, stating that "the joinder of such unconnected, geographically diverse plaintiffs that present individual circumstances material to the final outcome of their respective claims would obstruct and delay the adjudication process"); *Breitner*, 2019 U.S. Dist. LEXIS 11457, at *13 (finding that plaintiffs vaccinated in different years, states, and by different healthcare providers were egregiously misjoined to defeat diversity jurisdiction).

---

[2] The applicable state and federal permissive joinder rules—Pennsylvania Rule of Civil Procedure 2229 and Federal Rule of Civil Procedure 20—are substantively the same. *See Pa. Emps. Benefit Tr. Fund v. Eli Lilly & Co.*, No. CIV.A. 07-2057, 2007 WL 2916195, at *10 (E.D. Pa. Oct. 5, 2007).

56. Plaintiffs' joinder of their entirely unrelated claims is egregious. Plaintiffs specifically structured their complaint to defeat diversity. If Plaintiffs had not misjoined their claims, Plaintiff Monillas' complaint would be removable on its face because he is completely diverse from the defendants that he brings claims against. Plaintiffs joined their claims to frustrate the defendants' ability to remove Plaintiff Monillas' case, knowing that upon removal the Joint Panel on Multidistrict Litigation will transfer to the Zantac MDL, where that court has already dismissed the very same claims against the very same defendants against whom Plaintiff Monillas brings his claims. *See Zantac I*; *Zantac II* (dismissing all claims against generic defendants with prejudice). Joinder cannot be used to thwart the defendants' statutory right of removal to federal court. *See In re Diet Drugs Prods. Liab. Litig.,* 1999 U.S. Dist. LEXIS 11414, at *11-12; *In re Fosamax*, 2012 WL 1118780, at *5; *Breitner*, 2019 U.S. Dist. Lexis 11457, at *7-8.

57. Because Plaintiffs' claims are fraudulently misjoined, the Court should disregard, for purposes of jurisdiction, the citizenship of fraudulently joined parties. *In re Diet Drugs Prods. Liab. Litig.*, 1999 U.S. Dist. LEXIS 11414, at *18-19 (citing *In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006); *Tapscott*, 77 F.3d at 1355). The Court can thus properly exercise jurisdiction over the case and, pursuant to Federal Rule of Civil Procedure 21, sever all Plaintiffs. After severance, the Court should retain jurisdiction over the Plaintiff Monillas' claims and remand the non-diverse Plaintiffs' claims to the Philadelphia Court of Common Pleas.

### III. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.

58. Plaintiffs' claims satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

59. Pennsylvania law does not permit a plaintiff to plead a specific amount of damages. *See* PA. R. CIV. P. 1021(b) ("Any pleading demanding relief for unliquidated damages shall not claim any specific sum"); *see also Dorley v. Save-A-Lot*, 2016 WL 6213074, at *3 (E.D. Pa. Oct. 25, 2016) ("Pennsylvania does not permit a demand for a specific sum").

60. Where a complaint does not set forth a specific amount of damages, "a defendant's notice of removal need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Remand is only proper "if it appears to a legal certainty that the plaintiff *cannot* recover the jurisdictional amount." *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (emphasis in original).

61. Pennsylvania federal courts regularly find that the amount in controversy requirement is satisfied where, as here, a plaintiff alleges serious bodily injury and related damages. *See, e.g., Strauss v. Ghuman Truck Serv., Inc.*, 2015 WL 1822576, at *3 (E.D. Pa. Apr. 22, 2015) (holding that claims for "serious injuries, medical expenses, and present and future wage loss . . . clearly indicate that the amount in controversy is in excess of $75,000"); *Howlett v. Irwin*, 2011 WL 722373, at *2 (E.D. Pa. March 1, 2011) (holding that the amount in controversy was met where plaintiff alleged "serious injury . . . pain, discomfort, trauma, anxiety, and/or mental anguish" and economic damages). Moreover, in another Zantac-related case alleging cancer as an injury, a federal court in the District of Nevada denied a motion to remand where the amount in controversy was not alleged, because the requirement was satisfied on the face of the complaint by the nature of the injury. *See, e.g., Brooks v. Sanofi, S.A.*, 2020 WL 1847682, at *4 (D. Nev. Apr. 13, 2020); *see also Gates v. 84 Lumber Co.*, 2015 WL 2345427, at *1 (S.D. Ala. May 14,

2015) (inferring that the amount in controversy requirement was met when the alleged injury included cancer).

62. Here, it is apparent from the face of the Complaint that the amount in controversy exceeds $75,000. Plaintiffs each allege that their cancer was "caused by ingesting Zantac/ranitidine." Compl. ¶¶ 117, 120, 127, 134. They also allege that "[a]s a result of his cancer and subsequent treatment, he has suffered and continues to suffer significant bodily injury, pain and suffering, mental anguish, disfigurement, embarrassment, inconvenience, loss of earnings and earning capacity, and has and will incur past and future medical expenses." *Id.* ¶¶ 111, 118, 125, 132. Plaintiffs seek several categories of damages, including actual and compensatory damages, exemplary and punitive damages, and attorney's fees. *Id.* at 119-20 (Prayer for Relief). It is thus clear that the amount in controversy exceeds $75,000, exclusive of interest and costs.

## IV.   ALL OTHER REQUIREMENTS FOR REMOVAL ARE SATISFIED.

63. Plaintiffs have not yet served Removing Defendant, thus this Notice of Removal is timely and properly filed pursuant to 28 U.S.C. § 1446(b)(1).

64. Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

65. Plaintiffs have not yet served any Defendants, thus no consent is required. *See* 28 U.S.C. § 1446(b)(2)(A).

66. The Removing Defendant is providing Plaintiffs with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

67. Pursuant to 28 U.S.C. § 1446(d), the Removing Defendant is filing a copy of this Notice of Removal with the clerk of court in the Court of Common Pleas of Philadelphia County.

68. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the state court action—as available from the state court docket or otherwise made available to Removing Defendant at the time of filing this Notice—are attached hereto as **Exhibit A**.

69. If any question arises regarding the propriety of the removal to this Court, the Removing Defendant request the opportunity to present a brief and be heard at oral argument in support of removal.

70. No previous application has been made for the relief requested herein.

## V. DEMAND FOR JURY TRIAL.

71. The Removing Defendant hereby demands a separate jury trial on all claims and issues so triable.

### CONCLUSION

WHEREFORE, Removing Defendant gives notice that the matter bearing Case No. 20220800304, pending in the Court of Common Pleas of Philadelphia County, Pennsylvania, is removed to the United States District Court for the Eastern District of Pennsylvania, and request that this Court retain jurisdiction for all further proceedings in this matter.

Respectfully submitted,

**BLANK ROME LLP**

Dated: August 10, 2022

BY: */s/ Terry M. Henry*
Terry M. Henry
Stephanie C. Chomentowski
Ann E. Querns
Serena S. Gopal
One Logan Square
Philadelphia, PA 19103-6998
Tel.: (215) 569-5644
Email: TerryHenry@blankrome.com

                                            Stephanie.Chomentowski@blankrome.com
                                                    Ann.Querns@blankrome.com
                                                    Serena.Gopal@blankrome.com

*Attorneys for Defendant Apotex Corp.*